IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ISAAC B. DARGAN,<br>　　　　Plaintiff, | §<br>§<br>§ |
| v. | §<br>§ CIVIL ACTION NO. 2:08-CV-300 (TJW) |
| TRW SAFETY SYSTEMS, INC.,<br>　　　　Defendant. | §<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Isaac Dargan's Motion for New Trial based on Juror Misconduct. Dkt. No. 106. Plaintiff alleges that juror number 5 misrepresented or intentionally concealed information during *voir dire,* thereby denying him a fair trial. Further, plaintiff alleges that juror number 5 became the only voice in jury deliberations and manipulated the other jurors into reaching a verdict. Plaintiff, therefore, moves the Court for a new trial. Defendant TRW Safety Systems, Inc. ("TRW") opposes the motion.

Plaintiff also filed a motion requesting that the Court conduct an evidentiary hearing, with Juror No. 5 present, so that facts and circumstances concerning her alleged misconduct can be ascertained. Dkt. No. 107. The Court granted plaintiff's motion and held a hearing in this matter on July 8, 2009. At the hearing, the Court DENIED plaintiff's motion for new trial. The Court issues this order to memorialize the reasons for its decision.

### I. Background

Plaintiff Dargan filed suit against defendant TRW on theories of product liability and negligence. The case arises out of an automobile accident which occurred on March 4, 2007.

1

Plaintiff alleged that at the time of the accident, he was properly wearing his TRW seat belt, but received paralyzing injuries when his seatbelt buckle released such that his restraint system failed to protect him. The Court held jury selection in this case on June 1, 2009, and jury trial began the next day. The Court submitted the case to the jury on June 8, 2009 and the jury returned a verdict for the defendant.

## II. Legal Standard

Motions for new trial and decisions regarding jury bias are traditionally within the discretion of the trial court. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).

### (a) Voir Dire Misconduct

The Supreme Court has held "that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. *McDonough*, 464 U.S. at 556. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial. *Id*.; *see also U.S. v. Wilson*, 116 F.3d 1066, 1086 (5th Cir. 1997) (noting that the Fifth Circuit has "applied the plurality opinion in *McDonough* as binding precedent in juror bias cases in this circuit").

"In this Circuit there is no hard and fast rule requiring a new trial for failure of a juror at *voir dire* examination to disclose [relevant information] . . . . The determination of whether a new trial should be granted because of jury misconduct is left to the sound discretion of the trial court and must be decided on an ad hoc basis." V*ezina v. Theriot Marine Service, Inc*. 554 F.2d

654, 656 (5th Cir. 1977) (remanding case to the district court for an evidentiary hearing on issues of alleged juror misconduct and the possible prejudicial effect thereof).

The Fifth Circuit has also devised another test for determining the efficacy of granting a new trial when a juror is simply biased, rather than when a juror actively conceals information. *See Kinetic Concepts, Inc. v. Bluesky Medical Corp.*, 2007 WL 1113078 (W.D. Tex. Apr 04, 2007). This test requires the Court to assess both counsel's diligence and the actual bias of the juror. *Id*. A disqualification which by reasonable diligence could have been discovered before verdict, may not afterwards be made the subject of an attack upon a verdict. *Wilson*, 116 F. 3d at 1086.

A claim of alleged bias is ordinarily addressed in a hearing where the judge examines the juror and obtains assurances of the juror's impartiality. *Hatten v. Quarterman*, 2009 WL 1549521 (5th Cir. June 04, 2009).

**(b)   Jury Deliberations**

Postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. *Tanner v. U.S.*, 483 U.S. 107, 121 (1987). However, Federal Rule of Evidence 606(b)[1] mandates against the use of juror testimony, with the exception of testimony relating to extraneous influences, to impeach a verdict. *Id.*; *see also Oliver v. Quarterman*, 541 F. 3d 329, 336 (5th Cir. 2008) (noting that

---

[1] Rule 606(b) states:
> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any

3

internal influences provide no basis for relief); *Weaver v. Puckett*, 896 F. 2d 126, 128 (5th Cir. 1990) ("Fed. R. Evid. 606(b) makes juror testimony incompetent to impeach a jury verdict.").

### III. Discussion

Plaintiff Dargan moves for a new trial on the following two grounds:

**(1) Juror number 5 concealed information during *voir dire***

Plaintiff has submitted declarations from his counsel stating that counsel overheard juror number 5's post-verdict conversation with defendant's counsel, during which juror number 5 stated that she had experience picking juries. *See* Decl. of Melissa Smith, Plntf's Motion, Ex. A; Decl. of David Dobbs, Plntf's Motion, Ex. B. Plaintiff contends that juror number 5 never mentioned during *voir dire* that she had any prior legal experience despite Plaintiff's counsel's question to the panel seeking to know if anyone had any past experience with the legal profession. Further, plaintiff contends, another catch-all question was asked by plaintiff's counsel as to whether there was anything about the juror either party should know about that might affect the juror's ability to sit on the panel. Plaintiff contends, that based on juror number 5's later statements to defendant's counsel, she should have responded affirmatively to both these questions. By failing to respond, plaintiff contends, juror number 5 intentionally concealed information about her experience with jury selection.

Defendant argues that plaintiff's counsel failed in his diligence to elicit additional information from juror number 5. Defendant contends that juror number 5 did not fail to

---

statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

disclose her past experience. Specifically, defendant notes that, in response to plaintiff's counsel's question, she identified her previous occupation as a risk manager:

> JUROR SHEPHERD: Accounting. I'm in accounts receivable. And in the medical profession, my husband's a nurse. And then I used to be a risk and safety manager at – – you know, taking care of all the worker's comp material.[2]

*See* Voir Dire Transcript, Dkt No. 112, page 53.

Defendant contends that plaintiff's counsel chose to examine other jurors rather than follow up with any additional questioning of juror number 5 regarding her experience as a risk and safety manager.

The Court agrees with the defendant. Of the numerous professions that were identified in plaintiff's counsel's *voir dire* question, juror number 5 responded affirmatively to three professions. The juror's answer highlighted that a part of her job responsibility as a risk and safety manager was "taking care of all the worker's comp material." At the hearing, the juror testified that the only experience she had with jury selection had been as part of her responsibilities at the same job.

Any further information that plaintiff contends that the juror failed to disclose at *voir dire* would have provided the plaintiff with no more valid bases for a challenge for cause than the information that had already been disclosed by the juror. *McDonough*, 464 U.S. at 556. Furthermore, plaintiff's counsel testified at the hearing that counsel decided not to utilize one of plaintiff's peremptory strikes against juror number 5 based on the information revealed in the juror's *voir dire* answers, as well as information developed outside of the court. In face of such a

---

[2] Defendant's counsel also contends that he heard juror number 5 identify her workplace by using either the term "casino" or perhaps giving the name "Harrah's," or both, and the transcript fails to reflect this information.

conscious decision by plaintiff's counsel, the Court cannot agree that the juror would have been stricken had she provided more information. *Wilson*, 116 F. 3d at 1086.

(2) **Juror number 5 coerced the jury into reaching a verdict by manipulating other jurors**

Here, plaintiff contends that juror number 5 became the only voice in jury deliberations and manipulated the other jurors because she convinced them that she was smarter than them and knew about these types of lawsuits. Similarly, plaintiff alleges juror number 5 failed to abide by the Court's daily instructions about not making up her mind until after all the evidence had been heard. Plaintiff contends that the juror had made up her mind soon after opening statements. Plaintiff again points to her post-verdict statements, as well as statements made by juror number 9 to plaintiff's counsel, as evidence of these allegations. *See* Decl. of E. Todd Tracy, Plnt's Motion, Ex. C.

Defendant argues that plaintiff's jury misconduct allegations relate to jury's unquestionably protected internal deliberations, and not to "extraneous influences," which can be the only evidence admissible to attack the verdict. Defendant argues plaintiff's complaints relate mostly to juror number 5's personality, education, and alleged behavior, not to any outside influence, improperly brought to bear upon any juror. The Court agrees. Under the facts presented here, the Court finds that testimony from neither juror can be used to impeach the jury's verdict. *U.S. v. Jackson*, 549 F.3d 963, 984 (5th Cir. 2008).

The Court finds that neither of the two grounds raised by the plaintiff warrant invalidation of a verdict reached after a trial on the merits of the case. The Court, therefore, DENIES plaintiff's motion for a new trial.

SIGNED this 9th day of July, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE